CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

SEP 26 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br><br>v.<br><br>CLYDE STEVEN DAVIS,<br>*Defendant.* | CRIMINAL NO. 6:02CR70122<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the Government's Motion for Substantial Assistance Consideration, filed on March 25, 2008 (docket no. 23), and the Defendant's Response (docket no. 33), requesting a hearing on the matter. For the following reasons, the Government's motion will be GRANTED and the Defendant's request for a hearing will be DENIED.

### I. BACKGROUND

Defendant pled guilty on February 19, 2003, to a single count of distribution of cocaine base. On July 3, 2003, Defendant was sentenced to, among other things, a term of imprisonment of 262 months. On June 19, 2007, the Court granted the Government's motion for substantial assistance consideration pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure (docket no. 20). Accordingly, Defendant's sentence was reduced from 262 months to 190 months.

The Government now states that Defendant is entitled to additional substantial assistance consideration under Rule 35(b) because it was not mindful that Defendant's cooperation was not limited to one single matter when it made its original motion on June 15, 2007. The Government recommends that Defendant's sentence be reduced by twelve months, giving him a 178 month

sentence of incarceration. In response, Defendant agrees that he should receive an additional sentence reduction but requests a hearing on the matter because he believes his reduction should be more than twelve months.

## II. DISCUSSION

The decision to make a motion for substantial assistance consideration is within the Government's discretion. *Wade v. United States*, 504 U.S. 181, 185 (1992). Federal district courts have the authority to review the Government's refusal to file a substantial assistance motion if the refusal was based on an unconstitutional motive, but "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to…an evidentiary hearing." *Id.* at 185-86. *See also United States v. LeRose*, 219 F.3d 335, 342-43 (4th Cir. 2000) ("[e]xplanations of the extent of a defendant's assistance do not entitle a defendant to a hearing"). In this case, the Government made a motion to further reduce Defendant's sentence another twelve months. This is clearly not a case of the Government refusing to file a motion based on an unconstitutional motive. Because Defendant has failed to provide any substantive reasons as to why a hearing should be granted, and because Defendant has no right to a hearing on the issue anyway, his request is hereby DENIED.

The Court finds that Defendant qualifies for a sentence reduction under Rule 35(b) and hereby ORDERS that the Court's July 7, 2003 judgment be amended to reflect that Defendant's term of imprisonment be reduced to a total of 178 months. No other part of the July 7, 2003 judgment shall be affected by this Order.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record and to Defendant.

2

Case 6:02-cr-70122-NKM   Document 35   Filed 09/26/08   Page 2 of 3   Pageid#: 39

Entered this 26th day of September, 2008.

                                                              NORMAN K. MOON
                                                            UNITED STATES DISTRICT JUDGE